IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK08-40087-TLS |
| STANLEY J. WEST, a/k/a STAN WEST, ) | A08-4022-TLS |
| d/b/a STS CONSTRUCTION, and ) | |
| JANE M. WEST, ) | CH. 7 |
| ) | |
|                  Debtor(s).       ) | |
| MASTERS TRANSPORTATION, INC., ) | |
| a Nebraska corporation, ) | |
| ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STS CONSTRUCTION, INC., a Nebraska ) | |
| corporation, and STAN WEST, ) | |
| ) | |
|         Defendants. ) | |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #11) and the defendants' resistance thereto (Fil. #21). John R. Higgins, Jr., represents the debtor-defendants, and Siegfried H. Brauer represents Masters Transportation, Inc. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The debtor Stan West operated STS Construction, Inc., in Kearney, Nebraska. STS entered into a written contract with Masters Transportation to build a garage at its place of business. The garage was not completed, although Masters made certain progress payments to STS to pay for materials and labor. In the end, Masters had to pay some of the subcontractors and materials suppliers directly to obtain lien releases and to complete work on the building. Masters sued STS and Mr. West in state court and obtained a joint and several default judgment and damages award of $17,118.02.

The Wests filed a Chapter 7 bankruptcy petition on January 16, 2008. Masters filed this adversary proceeding to except its judgment debt from discharge on the basis of 11 U.S.C. § 523(a)(2)(A), alleging that the defendants obtained money from Masters by false pretenses, false representations, or actual fraud. Masters now moves for summary judgment, asserting that the evidence and the state court judgment establish that Mr. West acted fraudulently in obtaining money from Masters.

A state court action to establish a debt is separate from a determination of the dischargeability of that debt in bankruptcy. *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997). The bankruptcy court has exclusive jurisdiction to determine whether debts for a debtor's fiduciary or non-fiduciary fraud, embezzlement, larceny, or willful and malicious injury are non-dischargeable. 11 U.S.C. § 523(c); *Zio Johnos, Inc. v. Ziadeh (In re Ziadeh)*, 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002). Therefore, the court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999).

When the parties have previously litigated an issue in a state court, the bankruptcy court will look to state law to determine the preclusive effect of that judgment. *Madsen*, 195 F.3d at 989-90; *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005). In Nebraska, res judicata bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Ichtertz v. Orthopaedic Specialists of Nebraska, P.C.*, 730 N.W.2d 798, 804 (Neb. 2007).

In this case, the state court judgment was not on the merits. It was a default judgment entered after the defendants did not respond or participate in the hearing on damages. Moreover, the amended state court complaint does not contain any allegations of fraud. It was filed as a breach of contract action, and that is how judgment was entered. These factors preclude the collateral use of the state court judgment in this proceeding.

The Bankruptcy Code, at 11 U.S.C. § 523(a)(2)(A), excepts from discharge debts for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud. To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. *Universal Bank, N.A. v. Grause (In re Grause)*, 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing *Thul v. Ophaug (In re Ophaug)*, 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by *Field v. Mans*, 516 U.S. 59 (1995)); *Blue Skies, Inc. v. Preece (In re Preece)*, 367 B.R. 647, 652 (B.A.P. 8th Cir. 2007).

To amount to fraud, a statement must be made deliberately and intentionally with the intention and purpose of deceiving. *Lindau v. Nelson (In re Nelson)*, 357 B.R. 508, 513 (B.A.P. 8th Cir. 2006). "The intent element of § 523(a)(2)(A) does not require a finding of malevolence or personal ill-will; all it requires is a showing of an intent to induce the creditor to rely and act on the misrepresentations in question." *Merchants Nat'l Bank of Winona v. Moen (In re Moen)*, 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999) (quoting *Moodie-Yannotti v. Swan (In re Swan)*, 156 B.R. 618, 623 n.6 (Bankr. D. Minn. 1993)). "Because direct proof of intent (i.e., the debtor's state of mind) is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances

from which intent may be inferred." *Id.* (quoting *Caspers v. Van Horne (In re Van Horne)*, 823 F.2d 1285, 1287 (8th Cir. 1987)). The intent to deceive will be inferred when the debtor makes a false representation and knows or should know that the statement will induce another to act. *Id.* (quoting *Federal Trade Comm'n v. Duggan (In re Duggan)*, 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)). *See also Preece*, 367 B.R. at 653 (finding that the debtor's actions were more serious than simply using funds entrusted to him by customers to keep his business afloat; "Debtor had to have obtained these funds knowing that they would not be available to purchase the helicopters he promised the Plaintiffs to purchase"). The key is whether the debtor knew the statement to be false at the time he made it. "Even if a false statement is made, no fraud exists unless the maker knows the statement is false at the time the statement is made." *Nelson*, 357 B.R. at 513.

The evidence presently in the record is insufficient to establish the necessary elements of § 523(a)(2)(A) as to Mr. West. Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In addition, the contract was with STS Construction; to reach Mr. West, the creditor will need to put on proof to pierce the corporate veil. Moreover, STS is a separate corporate entity and is not in bankruptcy, so this court has no authority over it or its debt. It should be dismissed as a defendant in this action.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #11) is denied. Defendant STS Construction, Inc., is hereby dismissed from this adversary proceeding. Trial will commence as scheduled at 9:00 a.m. on October 2, 2008, in Lincoln, Nebraska.

DATED:   September 22, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    John R. Higgins, Jr.
    *Siegfried H. Brauer
    U.S. Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.